```
IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
```

| | |
|---|---|
| Luis Santana-Reyes, | ) C/A No. 6:17-cv-02904-JMC-KFM |
| Petitioner, | ) |
| | ) **REPORT AND RECOMMENDATION** |
| v. | ) |
| Bonita Mosley, | ) |
| Respondent. | ) |

The petitioner, proceeding *pro se*, brings this action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). The petitioner is a federal inmate currently housed at Edgefield FCI and files this action *in forma pauperis* under 28 U.S.C. § 1915. Having reviewed the petition in accordance with applicable law, the undersigned recommends that it should be summarily dismissed.

## **BACKGROUND**

The petitioner seeks a writ of habeas corpus. The petitioner seems to allege that he was found guilty of bribing a federal officer at a disciplinary hearing held on January 10, 2017 (doc. 1 at 2). He contends that the decision was arbitrary because the incident report did not fully set forth the act of bribery in that there was no intent to influence (*id*.). The petitioner contends that the officer misunderstood what the petitioner was offering; he asserts that he was offering a free gift and did not require any action by the officer (*id*. at 3). The petitioner states that he has exhausted his administrative remedies (*id*. at 2).

## APPLICABLE LAW

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.), the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the district court. The petitioner filed this action *in forma pauperis* pursuant to 28 U.S.C. § 1915. This statute authorizes the Court to dismiss a case if it is satisfied that the action fails to state a claim on which relief may be granted, is frivolous or malicious, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Additionally, this Court is charged with screening the petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts (2012); *see also* Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (2012) (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254). As a *pro se* litigant, the petitioner's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007) (per curiam). However, even under this less stringent standard, the petition is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

**DISCUSSION**

It appears that the plaintiff is alleging that his due process rights were violated during the disciplinary hearing. The plaintiff seems to allege that there were insufficient facts presented to find him guilty and that he should not have been found guilty for a misunderstanding.

It is well settled that a prisoner has some due process rights during a prison disciplinary proceeding but that the full panoply of rights due a defendant in a criminal prosecution does not apply. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974) *see also Bryan v. SCDC*, C/A No. 3:08-846-RBH-JRM, 2009 WL 3166632 at *5–6 (D.S.C. Sept. 29, 2009) (listing the due process rights required by *Wolff*), *aff'd* 367 F. App'x 404 (4th Cir. 2010). The Supreme Court has held that when prison disciplinary proceedings potentially involve the loss of good time credits,[1] the rights afforded to inmates include (1) written notice of violations at least twenty-four (24) hours before the hearing; (2) disclosure of evidence against the prisoner; (3) the right to call witnesses and present documentary evidence "when permitting him to do so will not be unduly hazardous to institutional safety or

---

[1] The petitioner has not clarified what punishment he received or what relief he is requesting from this court. In the event that the petitioner did not lose any credit as a result of the disciplinary hearing, that claim should be brought under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *See Muhammad v. Close*, 540 U.S. 749 (2004) (§ 1983 complaint is proper vehicle to challenge disciplinary convictions that did not result in loss of earned sentence credits). However, even if this were construed as a *Bivens* action, the plaintiff's claims would be barred by *Heck v. Humphrey*, 521 U.S. 477 (1994) (holding that a prisoner's claim for damages is not cognizable under § 1983 where success of the action would implicitly question the validity of the conviction or duration of the sentence, unless the prisoner can demonstrate that the conviction or sentence has been previously invalidated); *also Edwards v. Balisok*, 520 U.S. 641 (1977) (finding *Heck* applies to "convictions" entered in prison disciplinary proceedings).

correctional goals;" (4) a neutral and detached hearing body; and (5) a written statement by the fact-finders as to evidence relied upon and reasons for disciplinary actions. *Wolff v. McDonnell*, 418 U.S. 539, 559–66 (1974); *see also Morrissey v. Brewer*, 408 U.S. 471, 489 (1972); *Segarra v. McDade*, 706 F.2d 1301, 1304 (4th Cir. 1983). Furthermore, a decision to revoke good time credits must be supported by "some evidence" to comport with the requirements of due process. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985). In the present action, the plaintiff's alleged errors do not seem to rise to the level of a due process right protected under *Wolff*. The fact that the disciplinary hearing officer seems to have believed facts presented by the officer over the plaintiff's version of the facts does not state a claim for a *Wolff* due process violation. Accordingly, the plaintiff has failed to state a cognizable constitutional due process claim and the complaint should be summarily dismissed.

## RECOMMENDATION

It is recommended that the § 2241 petition be **dismissed** without requiring the respondent to file a return. ***The petitioner's attention is directed to the important notice on the next page.***

s/ Kevin F. McDonald  
United States Magistrate Judge

November 29, 2017  
Greenville, South Carolina

4

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
300 East Washington Street, Room 239
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).